IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, Individually<br>c/o 7050 W. Palmetto Park Rd #15-287<br>Boca Raton, FL, 33433<br><br>            Plaintiff<br><br>            v.<br><br>THOMAS J. FITTON, Individually<br>c/o 425 Third Street SW<br>Suite 800<br>Washington DC 20024<br><br>And<br><br>JAMES F. PETERSON, Individually<br>c/o 425 Third Street SW<br>Suite 800<br>Washington DC 20024<br><br>And<br><br>PAUL ORFANEDES, Individually<br>c/o 425 Third Street SW<br>Suite 800<br>Washington DC 20024<br><br>And<br><br>CHRIS FARRELL, Individually<br>c/o 425 Third Street SW<br>Suite 800<br>Washington DC 20024<br><br>            Defendant. | **Case Number:** |

**COMPLAINT FOR DEFAMATION**

Plaintiff, LARRY KLAYMAN ("Plaintiff" or "Klayman") hereby files this action against

1

THOMAS J. FITTON ("Defendant Fitton"), JAMES F. PETERSON ("Defendant Peterson"), PAUL ORFANEDES ("Defendant Orfanedes") and CHRIS FARRELL ("Defendant Farrell") for Defamation, Defamation Per Se, and Defamation by Implication.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 under diversity of citizenship. The parties are citizens of different states and the amount in controversy exceeds $75,000.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

3. Plaintiff, Larry Klayman, is an individual and a citizen of Florida. Plaintiff is a well-known private lawyer and conservative public interest advocate and litigator, as well as a syndicated national radio talk show host on Radio America, his weekly show appropriately titled "Special Prosecutor with Larry Klayman." Plaintiff Klayman conceived of and founded both Judicial Watch, Inc. and Freedom Watch, Inc. He is a former federal prosecutor of the Antitrust Division of the U.S. Department of Justice, where he was on the trial team that broke up the AT&T monopoly.

4. Defendant, Thomas Fitton, is an individual and a citizen and resident of the District of Columbia, whose address is 5245 42nd St NW, Washington, DC 20015. Defendant Fitton is the current President of Judicial Watch, which was conceived of and founded by Plaintiff Klayman. He is not a lawyer and at the time that Klayman left Judicial Watch on September 19, 2003 to run for the U.S. Senate in Florida, Defendant Fitton had not graduated from college. When Plaintiff Klayman hired him years earlier as an assistant, he lied to Klayman that he had graduated from

George Washington University. Since then Defendant Fitton has had a book written for him by "ghost writer," Ben Shapiro, effectively claiming credit for Plaintiff Klayman's accomplishments in conceiving of, founding and running Judicial Watch for almost ten (10) years. Plaintiff Klayman was thus conspicuously and maliciously written out of the history of Judicial Watch. The book is titled "Corruption Chronicles" and remains on sale on the internet and in book stores. Defendant Fitton has also falsely testified multiple times under oath that he does not know who founded Judicial Watch, as he continues to try to spread the false narrative and impression he or someone other than Klayman founded Judicial Watch, in order to boost his own standing in the conservative community and elsewhere, as the expense of Plaintiff Klayman. In short, and regrettably Defendant Fitton, as set forth below, is dishonest.

5.Defendant James Peterson is an individual and a citizen and resident of the District of Columbia. He is a senior member of Judicial Watch's legal team.

6.Defendant Paul Orfanedes is individual and a citizen and resident of the District of Columbia. He is a senior member of Judicial Watch's legal team.

7.Defendant Chris Farrell is an individual and a citizen and resident of the District of Columbia. He is the Director of Investigation and Research for Judicial Watch.

**STANDING**

8.Plaintiff has standing to bring this action because he has been directly affected and victimized by the unlawful conduct complained herein. His injuries are proximately related to the conduct of Defendants, individually and working in concert with Roger Stone as set forth below.

**FACTS**

9.Defendants, each and every one of them, individually ad acting in concert as joint

3

tortfeasors have engaged in a pattern and practice of harassing and defaming Plaintiff Klayman and his family since Plaintiff's voluntary departure from Judicial Watch, Inc. to run for the U.S. Senate in Florida in 2003-2004. Defendant Peterson, acting in concert with the other Defendants, for instance trolls and in effect stalks Plaintiff Klayman anytime Mr. Klayman has a public court hearing in this district for a client or himself and appears in court in street clothing smirking and laughing in order to try to intimidate Mr. Klayman and thus to disrupt the proceeding. He appears with another person who as lawyer works with him, Michael Bekesha, who also is in street clothing so they both can try to conceal their identity from the media. Defendant Peterson also worked on and prepared the complaint with regard to the FBI raid on Stone's residence and it was at this this time that he had to be in contact with Stone and published or republished the false and defamatory statement alleged herein, which have also at all material times been published and republished by Defendants Fitton, Orfanedes and Farrell, acting in concert in their individual capacities as joint tortfeasors. Defendant Orfanedes has also testified in court, and perjured himself, as to the substance of the false and defamatory statement alleged herein.

10.     For instance, in 2013, a federal jury in the Southern District of Florida awarded Plaintiff Klayman judgment in the sum of $181,000, including punitive damages against Judicial Watch for having maliciously defamed Plaintiff.  See Exhibit 1 – Jury Verdict and Judgment. This jury verdict and judgment is final.

11.     Defendants are now conveniently and incredibly working with Roger Stone in their individual capacities as joint tortfeasors ("Stone") to again defame Plaintiff Klayman.

12.     On information and belief, the defamatory statement alleged herein were made by Defendant Peterson and/or Defendant Fitton, at the direction of or directly by the other Defendants, to Stone with the understanding and expectation that Stone would then republish it

to the masses. Defendants Fitton and Peterson in particular had to be in communication with Stone, as they worked on, furthered and filed a complaint in this court over the raid on Stone's Florida residence by the Federal Bureau of Investigation at the time of Stone's indictment, all of which was meant to benefit Stone in order that Defendants could attempt to ingratiate themselves with President Donald Trump, who Stone has been a close advisor to and worked for as a consultant and lobbyist in the gambling industry in particular when the president was a private citizen, and who has touted himself as Trump's foremost informal adviser with regard to the 2016 presidential campaign. Since then President Trump has tried to dissociate himself from Stone, and has not come to his defense given his apparent criminality for which he will be tried in November 2019 in this court.

13. Stone was recently indicted on seven (7) felony counts by Special Counsel Robert Mueller ("Mueller Indictment") as part of his "Russian Collusion" investigation for the alleged crimes of perjury, witness tampering and obstruction of justice. See Exhibit 2 – Mueller Indictment.

14. Specifically, the seven count Mueller Indictment against Defendant Stone involves alleged lying under oath - that is, perjury - witness tampering and obstruction of justice by threatening to kill a material witness, Randy Credico ("Credico") and his dog if Credico did not lie to government authorities concerning his involvement with Roger Stone. Credico is Person 2 in the Mueller Indictment of Defendant Stone. *Id.* Person 1 in this Mueller Indictment is Dr. Jerome Corsi, another material witness, who is Plaintiff Larry Klayman's client.

15. Stone has since engaged in a public relations campaign to illegally smear, intimidate, coerce and threaten Dr. Jerome Corsi ("Dr. Corsi"), a witness in the "Russian Collusion" investigation, and who is being legally represented by Plaintiff Klayman.

16. Stone knew that he was going to be indicted, and therefore began this illegal public relations campaign to smear and defame Dr. Corsi and his lawyer, Larry Klayman, even before his actual indictment on January 25, 2019, in order to try to influence public opinion and Special Counsel Robert Mueller – by illegally trying to attribute guilt to Dr. Corsi and not him - as well as to try to raise money for his legal defense. This pattern and practice of defaming Dr. Corsi and his lawyer Larry Klayman is ongoing, so Plaintiff reserves the right to amend this Complaint. Stone has recently been sued by Dr. Corsi for defamation, intentional infliction of emotional distress and assault.

17. Dr. Corsi has been named as a material witness to Stone's upcoming prosecution, which has prompted Stone to try to intimidate, coerce and threaten Dr. Corsi by defaming him and his defense counsel, Plaintiff Klayman, which is ironically what he has been indicted for. And, the way to also "get to" Dr. Corsi is for Defendant Stone to also defame his lawyer, Plaintiff Larry Klayman, which also serves the illicit and ulterior purposes of the Defendants herein to severely harm Mr. Klayman and his family.

18. By defaming Dr. Corsi and Plaintiff Klayman, Defendants and Stone are working in concert as joint tortfeasors hoping to not only intimidate Dr. Corsi and his counsel to severely harm and damage their reputations, but also to coerce and threaten Dr. Corsi to testify falsely if subpoenaed to be called as a material witness in Defendant Stone's ensuing criminal trial, as well as to impede and harm Dr. Corsi's criminal defense. They are also acting in concert to divert funds away from Dr. Corsi's legal defense fund, while boosting Stone's legal defense fund, which they believe will benefit them as well in various ways, directly and indirectly.

19. Before Stone was indicted, on or about January 18, 2019, he appeared on InfoWars, where he made several false, misleading and defamatory statements in this district,

6

nationally and internationally regarding Plaintiff Klayman (the "InfoWars Video").[1] The same video was published on Defendant Stone's YouTube channel, *Stone Cold Truth*," on January 18, 2019.[2]

20. At 1:30, Stone published, "He (Klayman) was ousted at Judicial Watch. Ask Tom Fitton [the current president of Judicial Watch] why he left. He left because of a sexual harassment complaint."

21. Stone made this false, defamatory statement at the direction and as a result of the concerted actions of the Defendants, whom he attributes this false and defamatory statement to.

22. Defendants knew that Plaintiff Klayman was not ousted at Judicial Watch as a result of a sexual harassment complaint, but, in actuality, Plaintiff Klayman left Judicial Watch on his own accord and voluntarily in order to run for U.S. Senate in Florida.

23. Defendants, acting in concert in their individual capacities as joint tortfeasors with malice and/or a reckless disregard for the truth knew that Plaintiff Klayman did not leave Judicial Watch as a result of a sexual harassment complaint.

24. Defendants acting in concert individually as joint tortfeasors knowingly published this false and defamatory statement to Stone, who in turn published and republished it during interviews which were broadcast by him and his surrogates in this district, nationally and internationally for the entire world to hear and see. On information and belief Defendant Fitton had also recently published, within the last two years up to the present, this and other false and misleading statements to others to severely harm and damage Plaintiff Klayman, such as to the Council for National Policy, the American Conservative Union, the Scaife Foundation, other conservative organizations, groups and donors, and media publications and television networks

---

[1] https://www.infowars.com/watch/?video=5c3fbf24fe49383dcf6996e4
[2] https://www.youtube.com/watch?v=cJyfgdvtFx8

such as Fox News, to name just a few. As a non-lawyer who currently runs Judicial Watch, Defendant Fitton feels competitive with Klayman, and as result of what in effect is an "inferiority complex" since he is a non-lawyer who tries to pass himself in the media off as a lawyer and legal expert as the current head of Judicial Watch, thus has engaged in, along with the other Defendants, a concerted campaign to severely damage and harm Klayman's reputation, professional and personal reputation, and family. By severely harming Plaintiff Klayman's reputation and standing in the legal, media and related communities, Defendants' malicious intent is to boost their own reputation and standing at the expense of Klayman, who conceived of, founded and successfully ran Judicial Watch for nearly ten (10) years, making it the preeminent conservative public interest group fighting against corruption and for ethics and justice in government and the legal profession.

25.     Defendants, in concert with Stone, have therefore also engaged in illegal witness tampering of Dr. Corsi and his lawyer Plaintiff Klayman in violation of 18 U.S.C. § 1512 by virtue of the defamatory acts and practices as alleged herein.

## FIRST CAUSE OF ACTION
*Defamation*

26.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

27.     Defendants published and republished the malicious, false and defamatory statement that Plaintiff Klayman was ousted at Judicial Watch due to a sexual harassment complaint to Stone, who in turn, and in concert with Defendants, published and republished this false and defamatory statement on the internet domestically, internationally and elsewhere for the entire world to see and hear.

28.     This false and misleading statement was published with malice, as Defendants,

acting in concert, jointly and severally and individually as joint tortfeasors knew that it was false and misleading, or at a minimum acted with a reckless disregard for the truth.

29. Plaintiff Klayman has been severely harmed and damaged by this and other false and misleading statements, more of which will be uncovered in discovery, because it subjected him to hatred, distrust, ridicule, contempt, and disgrace.

30. Plaintiff Klayman has been severely damaged by this false and misleading statement because the malicious statement injured Plaintiff Klayman in his profession and business as a public interest and private lawyer and nationally syndicated radio talk show host who promotes ethics in government and the legal profession, as well as personally.

## SECOND CAUSE OF ACTION
### *Defamation Per Se*

31. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint.

32. Defendants, individually and acting in concert, jointly and severally as joint tortfeasors published to Stone the malicious false, misleading and defamatory statement that Plaintiff Klayman was ousted at Judicial Watch due to a sexual harassment complaint, who in turn, and in concert with Defendants, published and republished this malicious false and defamatory statement on the internet in this district, domestically and internationally and elsewhere for the entire world to see and hear.

33. Under District of Columbia law, where a statement is per se defamatory as it accuses Plaintiff Klayman of what in effect is a crime as well as moral turpitude and affects him in his ability to practice law, the plaintiff need not prove special or pecuniary damages. *Roper v. Great Atlantic & Pacific Tea Co.*, 164 A.2d 47.

34. This false and misleading statement was published with malice, as Defendant

9

Fitton knew that it was false and misleading, or at a minimum acted with a reckless disregard for the truth.

35. This malicious false, misleading and defamatory statement was published and republished on the internet in this district, domestically and internationally for the entire world to see and hear and specifically Defendants published and republished these malicious false and misleading "facts," *inter alia*, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of his lawful business, trade, profession or office

36. This malicious false and misleading statement is *per se* defamatory because it falsely accuses Plaintiff Klayman of being ousted from Judicial Watch because of sexual harassment - thereby falsely imputing a criminal and sexually related offense upon Plaintiff Klayman – as well as being "ousted" as the chairman and general counsel of Judicial Watch because of an actual sexual harassment complaint, as well as the other false and misleading published statements alleged herein. To the contrary, on information and belief Fitton himself hypocritically had and may continue to have an "intimate personal relationship" with another director and member of the board of Judicial Watch, Paul Orfanedes, which on information and belief may constitute sexual harassment, as Defendant Fitton is Orfanedes' superior as a result of Fitton being the president of Judicial Watch. Defendant Fitton also sits on the board of directors along with Orfanedes, one of only three (3) directors, all of whom are also employed by Judicial Watch. By maliciously defaming Plaintiff Klayman, Defendants Fitton and Orfanedes intended and intends to deflect attention away from their issues, vulnerabilities and conduct, which they seek to keep secret and away from media and other scrutiny, particularly in the social and faith based conservative community.

37. This false, misleading, and defamatory statement concerning Plaintiff Klayman is

defamatory *per se* and this false and misleading statement, and others which will be uncovered in discovery, severely harmed and damaged Plaintiff Klayman in his profession and business as a lawyer and advocate and as a nationally syndicated radio talk show host, as they concern conduct and characteristics incompatible with being a lawyer and radio talk show host who promotes ethics in government and the legal profession. Damage is presumed by law when defamation *per se* is shown.

## THIRD CAUSE OF ACTION
### *Defamation by Implication*

38. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

39. Defendants published to Stone the false, misleading and defamatory statement that Plaintiff Klayman was ousted at Judicial Watch due to a sexual harassment complaint, who in turn, and in concert with Defendants, published and republished this false and defamatory statement on the internet in this district, domestically and internationally and elsewhere for the entire world to see and hear.

40. This false, misleading and defamatory statement was published and republished with malice, as Defendants knew that it was false, or at a minimum acted with a reckless disregard for the truth.

41. This malicious statement created the false and misleading implication that Plaintiff Klayman has engaged been subject to a sexual harassment complaint and was ousted from Judicial Watch for this reason and committed criminal sexual offenses, as well as other matters of moral turpitude as set forth in this Complaint.

42. Plaintiff Klayman has been severely harmed damaged by this published and republished statement because it subjected him to hatred, distrust, ridicule, contempt, and

disgrace.

43. Plaintiff Klayman has been damaged by malicious this false and misleading statement, and others which will be disclosed during discovery, because the statements severely harmed and damaged Plaintiff Klayman in his profession and business as a public advocate and as a syndicated radio talk show host who promotes ethics in government and the legal profession, and personally, as pled herein.

44. On information and belief Defendants' defamatory conduct, in concert with Stone and individually, is on-going and as more defamatory conduct is uncovered through discovery and otherwise, this defamatory conduct will be subject to a motion to amend this Complaint.

45. Defendants' malicious intent to severely harm and damage Plaintiff Klayman is largely based on an "inferiority complex" that he is not a lawyer and thus he feels competitive with Klayman. Indeed, at the time that Plaintiff left Judicial Watch on September 19, 2003, to run for the U.S. Senate in Florida, Fitton had not graduated from college, his having lied to Klayman that he did have a bachelor's degree from George Washington University. This false statement fraudulently induced Klayman to offer him a job at the public interest organization. As a non-lawyer Fitton inappropriately does not have the background and expertise to now head Judicial Watch and make expert legal commentary on television, radio, the internet and in print, as Judicial Watch was conceived to in effect be and is a public interest law firm.

46. Plaintiff Klayman has steadfastly demanded that Defendants refrain from publishing and republishing the malicious false and misleading statement as alleged herein, but he has refused and Fitton has also refused to correct this and other false and misleading statements in the past, regrettably necessitating the need for this and other legal complaints. The false and misleading statement published in concert with Stone has since been republished by

others to severely harm and damage Plaintiff Klayman and his client Dr. Corsi. Defendants' campaign to severely harm and damage Plaintiff Klayman is maliciously intended to boost their own standing at the expense of Plaintiff Klayman in the conservative community, media and with donors and elsewhere and it continues unabated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Larry Klayman prays for judgment against Defendants as follows:

a. Awarding Plaintiff Klayman compensatory including actual, consequential, incidental and punitive damages for malicious tortious conduct as alleged herein in an amount to be determined at trial and in excess of $55, 000,000 U.S. Dollars, to be awarded by the jury jointly and severally against all of the Defendants in their individual capacities as joint tortfeasors.

b. Awarding Plaintiff Klayman attorney's fees and costs.

c. Granting any such further relief as the Court deems appropriate including preliminary and permanent injunctive relief.

**PLAINTIFF KLAYMAN DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.**

Dated: September 18, 2019                                          Respectfully Submitted,

                                                               */s/ Larry Klayman*
                                            Larry Klayman, Esq.
                                            c/o 2020 Pennsylvania Ave., N.W.
                                            Suite 800
                                            Washington, D.C. 20006
                                            Telephone: (561) 558-5336
                                            Email: leklayman@gmail.com

                                            Plaintiff Pro Se