IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**LARRY KLAYMAN**

           Plaintiff,

v.

**THOMAS FITTON et al.**

        Defendants

**Case No.: 1:19-cv-2793**

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Larry Klayman ("Mr. Klayman") hereby submits the following in opposition to Defendants Thomas Fitton ("Fitton"), James Peterson ("Peterson"), Paul Orfanedes ("Orfanedes") and Christopher Farrell's ("Farrell") (collectively "Defendants") Motion to Dismiss.

### INTRODUCTION

This case is the continuation of a long-standing pattern and practice of defamatory and disparaging conduct by Defendants since Mr. Klayman voluntarily left Judicial Watch in 2003 to run for the U.S. Senate in Florida. Comp. ¶ 9. This has resulted in a 2013 federal judgment in the Southern District of Florida in the sum of $181,000, including punitive damages against Judicial watch for having maliciously defamed Mr. Klayman. Comp. ¶ 10. Regrettably, however, it appears that Defendants have not learned from this, and have continued their pattern and practice of malicious and defamatory conduct. Indeed, Defendants' motion itself clearly demonstrates a continuation of this pattern and practice of defamatory conduct, as it falsely and baselessly states that Mr. Klayman was "[u]pset at being forced out of [Judicial Watch]" and that Mr. Klayman

"was forced to resign or face an internal investigation into an admitted inappropriate relationship with a JW employee, an admitted physical assault against his former spouse (in the presence of his young children) and suspicion that he used JW assets to pursue the inappropriate relationship." ECF No. 4 at 3. These are patently false allegations. Mr. Klayman left Judicial Watch on his own accord to run for U.S. Senate in Florida, as set forth in the Severance Agreement signed by both parties, Exhibit 1, and he never admitted to any inappropriate relationship with a Judicial Watch employee or physical assault against his former spouse. These types of false, malicious, and defamatory statements have been Defendants' weapon on choice over the past years against Mr. Klayman. Indeed, in another action, Defendant Fitton was forced to admit at deposition that Mr. Klayman was not ousted as a result of a sexual harassment complaint. Exhibit 2.

Perhaps most egregious is the fact that Defendants have now perpetrated the lie that Mr. Klayman did not leave Judicial Watch voluntarily, but was instead "ousted" due to a "sexual harassment complaint." Comp. ¶ 20. On its face, it is clear why this lie is extremely detrimental to Mr. Klayman's reputation, as well as to his livelihood as a "public advocate and as a syndicated radio talk show host who promotes ethics in government and the legal profession." Comp. ¶ 43.

As set forth in the Complaint, Defendants have knowingly, intentionally, and maliciously published this lie to Roger Stone ("Stone") with the intent and understanding that Stone would then republish it worldwide. This is exactly what has occurred:

> Before Stone was indicted, on or about January 18, 2019, he appeared on InfoWars, where he made several false, misleading and defamatory statements in this district, nationally and internationally regarding Plaintiff Klayman (the "InfoWars Video"). The same video was published on Defendant Stone's YouTube channel, "Stone Cold Truth," on January 18, 2019.

> At 1:30, Stone published, "He (Klayman) was ousted at Judicial Watch. Ask Tom Fitton [the current president of Judicial Watch] why he left. He left because of a sexual harassment complaint
>
> Stone made this false, defamatory statement at the direction and as a result of the concerted actions of the Defendants, whom he attributes this false and defamatory statement to. Comp. ¶¶ 19-21.

Indeed, Stone directly attributes this lie to Defendant Fitton - and by logical and plausible extension, the rest of the Judicial Watch Defendants either work on cases involving Stone in the case of Defendant Peterson or are members of the Board of Directors in the case of Defendants Orfanedes and Farrell– by saying "[a]sk Tom Fitton." This is a very small group of persons who have consistently attempted to harm Plaintiff over the years.

For instance, based on a persistent course of conduct, there is both direct and circumstantial evidence that Defendants are working together in their efforts to continuously defame and disparage Mr. Klayman. All of the Defendants hold powerful and influential positions at Judicial Watch. Furthermore:

> Defendant Peterson, acting in concert with the other Defendants, for instance trolls and in effect stalks Plaintiff Klayman anytime Mr. Klayman has a public court hearing in this district for a client or himself and appears in court in street clothing smirking and laughing in order to try to intimidate Mr. Klayman and thus to disrupt the proceeding. He appears with another person who as lawyer works with him, Michael Bekesha, who also is in street clothing so they both can try to conceal their identity from the media. Defendant Peterson also worked on and prepared the complaint with regard to the FBI raid on Stone's residence and it was at this this time that he had to be in contact with Stone and published or republished the false and defamatory statement alleged herein, which have also at all material times been published and republished by Defendants Fitton, Orfanedes and Farrell, acting in concert in their individual capacities as joint tortfeasors. Defendant Orfanedes has also testified in court, and perjured himself, as to the substance of the false and defamatory statement alleged herein. Comp. ¶ 9.

Thus, at the motion to dismiss stage pursuant to Rule 12 (b)(6), it is clear that Mr. Klayman has more than adequately pled that Defendants have made defamatory statements about him. This

matter must be allowed to proceed forthwith to discovery and Defendants and Stone be made to sit for deposition.

## STANDARD OF REVIEW

Fed. R. Civ. P. 8(a)(2) states that a pleading need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must "accept the complaint's allegations as true and draw all reasonable inferences in favor of the non-moving party." *Gordon v. United States Capitol Police*, 778 F.3d 158, 163-164 (D.C. Cir. 2015).

A complaint "does not require detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (internal quotations omitted). To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotations omitted). As such, a motion to dismiss at this stage must be decided solely on what Plaintiffs have plead in their complaint, taken as true, and not upon any factual "contradictions" that Defendants have attempted to insert. Involving such weighing of fact would take the standards of pleading to new heights not contemplated before by any Court.

When deciding on a motion to dismiss a claim for defamation, the Court "must assume, as the complaint alleges, the falsity of any express or implied factual statements made in the article." *Weyrich v. New Republic, Inc.,* 235 F.3d 617, 623 (D.C. Cir. 2001). It must also assume that the defamatory statements were made "with knowledge of their falsity or reckless disregard for their truth." *Id*. In situations where resolution is necessarily fact intensive, like defamation, the U.S. Supreme Court has held that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming

curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt*, 293 U.S. 474, 486 (U.S. 1935). As such, it is crucial and required that Plaintiffs be afforded the opportunity to conduct discovery and present its findings to the proper fact-finding body—the jury. In fact, courts have held that even in a summary judgment motion for defamation, taking the matter out of the jury's hands is almost always inappropriate, except in those rare cases where the circumstances surrounding the allegedly defamatory communication are completely undisputed. *See, e.g., Shaw v. R.J. Reynolds Tobacco Co*., 818 F. Supp. 1539, 1541 (M.D. Fla. 1993), aff'd, 15 F.3d 1097 (11th Cir. 1994); *Abraham v. Baldwin*, 42 So. 591, 592 (Fla. 1906); *Glynn v. City of Kissimmee*, 393 So. 2d 774. 776 (Fla. 5th DCA 1980). This principle applies even stronger here, where Defendants have not put forth any evidence on their own behalf and where a simple Rule 12(b)(6) motion is at bar. Plaintiffs must, at a minimum, be permitted to conduct discovery.

## **LEGAL ARGUMENT**

Under District of Columbia law, a valid defamation claim must plead only four elements:

> [T]he defendant made a false and defamatory statement concerning the plaintiff";
> (2) the defendant published the statement without privilege to a third party; (3) the
> defendant's fault in publishing the statement amounted to at least negligence; and
> (4) either the statement was actionable as a matter of law irrespective of special
> harm, or its publication caused the plaintiff special harm.

*Devincci Salah Hourani v. Mirtchev*, 796 F.3d 1, 16 (D.C Cir 2015) (internal quotations omitted). Here, each of the elements are alleged in the Complaint. *First*, the Complaint alleges that Defendants, "acting in concert individually as joint tortfeasors knowingly published this false and defamatory statement to Stone, who in turn published and republished it during interviews which were broadcast by him and his surrogates in this district, nationally and internationally for the entire world to hear and see." Comp. ¶ 24. *Second*, Defendants assert no

privileges, nor could they, since none remotely apply. *Third*, Defendants published the statement with malice to Stone. "Defendants knew that Plaintiff Klayman was not ousted at Judicial Watch as a result of a sexual harassment complaint, but, in actuality, Plaintiff Klayman left Judicial Watch on his own accord and voluntarily in order to run for U.S. Senate in Florida." Comp. ¶ 22. Lastly, Plaintiff alleges damages:

> Plaintiff Klayman has been severely harmed and damaged by this and other false and misleading statements, more of which will be uncovered in discovery, because it subjected him to hatred, distrust, ridicule, contempt, and disgrace.

> Plaintiff Klayman has been severely damaged by this false and misleading statement because the malicious statement injured Plaintiff Klayman in his profession and business as a public interest and private lawyer and nationally syndicated radio talk show host who promotes ethics in government and the legal profession, as well as personally. Comp. ¶¶ 29 – 30.

Thus, it is clear that Plaintiff's claims should proceed and Defendants' motion must be denied, as nothing set forth in Defendants' motion changes the fact that Plaintiff has pled viable causes of action that must proceed to the discovery phase.

**I.      Plaintiff Has More than Satisfied the "Plausibility" Standard in *Twombly***

From the outset, it is crucial to note that it is not for the judge to decide definitively whether Defendants contacted and acted in concert with Stone – only whether it is plausible based on the allegations of the Complaint, taken as true. As set forth below, Mr. Klayman has far exceeded this basic threshold. It is not the Court's job to usurp the traditional role of the jury (particularly without discovery during the pretrial phase of a case), which our founding fathers considered to be of paramount importance. As stated by Thomas Jefferson, "I consider trial by jury as the only anchor ever yet imagined by man, by which a government can be held to the principles of its constitution." The Court cannot use the *Iqbal* and *Twombly* pleading standard as sort of "loophole" of sorts to come up with a way to dismiss cases. This is clearly not what it was

intended to used for. Since Mr. Klayman has sufficiently pled more than even plausible claims, this case must proceed to discovery.

## II.     The Complaint Properly Alleges a Defamatory Statement Published by Defendants

As set forth above, the Complaint clearly and expressly alleges that "Defendants acting in concert and individually as joint tortfeasors knowingly published this false and defamatory statement to Stone, who in turn published and republished it during interviews which were broadcast by him and his surrogates in this district, nationally and internationally for the entire world to hear and see." Comp. ¶ 24. At the motion to dismiss stage, this is more than sufficient. Any factual contradictions that Defendants attempt, without any proof or corroboration whatsoever, to disingenuously and improperly assert at this early stage of the case(*see* Def's Mtn. at 7-10) must be ignored. *See Gordon*, 778 F.3d 163-64.

Furthermore, Defendants' assertion that the Complaint fails to allege any statement published by them simply makes no sense. As set forth in the Complaint, Stone stated:

> He (Klayman) was ousted at Judicial Watch. Ask Tom Fitton [the current president of Judicial Watch] why he left. He left because of a sexual harassment complaint. Comp. ¶ 20.

While the statement that was published worldwide was made by Stone, the only way that Stone could have received this "information" is from Defendants. It is not as if Stone was a part of Judicial Watch, and was privy to the details of Plaintiff's departure. Based on simple and more than plausible logic, the only way that Stone would have made this statement is if he was told so by the parties involved in Plaintiff's departure from Judicial Watch – either Defendants or Plaintiff. Plaintiff clearly did not fabricate this lie about himself, so the only possible culprits are Defendants.

Any attempt by Defendants to now try to distance themselves from their tortious conduct

is belied by Stone himself. He says, "[a]sk Tom Fitton why he left." Comp. ¶ 20. This directly implicates Defendant Fitton, and by extension the remaining Defendants, who have been clearly alleged to be working together in concert. If Defendant Fitton and the rest of the Defendants had not published this false statement to Stone, Stone had no reason to tell the public to "[a]sk Tom Fitton." This, at the very minimum, is enough to easily advance this case to the discovery phase. Like Stone said, Plaintiff and this Court should "[a]sk Tom Fitton" by having him sit for deposition along with the rest of the Defendants.

## III.    The Defamatory Statement Sufficiently Contains an Implied Defamatory Meaning

As set forth above, it is clear that Defendants published the statement contained in paragraph 20 of the Complaint to Stone, who then republished it nationwide and worldwide. Now, analyzing the content of the defamatory statement, there is a readily apparent defamatory implication that Plaintiff "has engaged [in or] been subject to a sexual harassment complaint and was ousted from Judicial Watch for this reason and committed criminal sexual offenses, as well as other matters of moral turpitude as set forth in this Complaint." Comp. ¶ 41.

Falsely stating that an individual was ousted from the organization he conceived of and founded due to a sexual harassment complaint clearly carries numerous negative and odious implications. *First*, it creates the false implication that Plaintiff did in fact sexually harass someone. Why else would an organization's founder and chairperson be "ousted?" Generally speaking, it would not be due to an unproven allegation. Thus, by falsely stating that Plaintiff was "ousted" from Judicial Watch due to a "sexual harassment complaint," Defendants are purposefully creating the implication that these fabricated allegations are true.

*Second*, the false allegation that Plaintiff was "ousted" from Judicial Watch due to a "sexual harassment complaint" creates the implication that Plaintiff is a sexual deviant or

predator, which he is not. By creating this story, Defendants have severely harmed Plaintiff's reputation and standing in society, where sexual deviants and predators are – rightfully – vilified. However, in Plaintiff's case, where the allegations are false, Plaintiff is wrongfully made the suffer the same fate.

## IV.     Defendants' Statement is Defamatory *Per Se*

A statement is defamatory *per se* if it "impute[s] to him (plaintiff) the commission of some criminal offense for which he may be indicted and punished, if the charge involves moral turpitude and is such as will injuriously affect his social standing." *Farnum v. Colbert*, 293 A.2d 279, 281 (D.C. 1972).

As set forth above, Defendants' false statement that Plaintiff was "ousted" from Judicial Watch due to a "sexual harassment complaint" creates the false implication that Plaintiff is a sexual deviant or predator, both of which are serious criminal offenses that almost universally leads to vilification in society. Thus, this false statement is *per se* defamatory, and requires no pleading of special damage.

## V.     Plaintiff Sufficiently Alleges Special Damage

Apart from Plaintiff's claim for defamation *per se*, Plaintiff has sufficiently pled special damages necessary to sustain his defamation and defamation by implication causes of action. As pled in the Complaint, as a direct result of Defendants' defamatory statement:

> Plaintiff Klayman has been severely damaged by this false and misleading statement because the malicious statement injured Plaintiff Klayman in his profession and business as a public interest and private lawyer and nationally syndicated radio talk show host who promotes ethics in government and the legal profession, as well as personally. Comp. ¶ 30.

This is an example of special, pecuniary damage alleged in the Complaint, as the defamatory statement has caused Plaintiff Klayman financial damages in his "profession and business as a

public interest and private lawyer and nationally syndicated radio talk show host who promotes ethics in government and the legal profession.[1]"

## **CONCLUSION**

Based on the foregoing, Plaintiff Klayman respectfully requests that Defendants' motion to dismiss be denied and that this case proceed expeditiously forthwith to discovery. Lastly, in the unlikely event that this Court finds that Mr. Klayman's Complaint lacks the requisite specificity, Mr. Klayman respectfully requests leave to amend, which amendment is to be freely granted at this early stage of the case.

However, given the compelling argument set forth herein, and the detailed allegations in the Complaint, the Defendants' motion to dismiss must be denied. Despite Defendants futile pleas, the Court cannot, particularly prior to discovery, abrogate to itself the role of the trier of fact. And, once discovery is completed, in the unlikely event that Defendants can prove what they falsely allege without any substantiation in their motion to dismiss, they are free to move for summary judgment. But now is not the time to even consider dismissing this case, particularly given the facts and circumstances that are clearly and well pled in the Complaint, as Defendants know full well, but argue in any event.

Dated: December 11, 2019                                Respectfully submitted,

                                                                          */s/ Larry Klayman*
                                                                         Larry Klayman, Esq.
                                                                         KLAYMAN LAW GROUP, P.A.
                                                                         2020 Pennsylvania Ave. NW, Suite 800
                                                                         Washington, DC 20006
                                                                         Tel: 561-558-5536
                                                                         Email: leklayman@gmail.com

                                                                         Plaintiff Pro Se

---

[1] In the unlikely event that the Court requires greater specificity in this regard, Plaintiff Klayman respectfully requests leave to amend.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on December 11, 2019

*/s/ Larry Klayman*
Attorney