# EXHIBIT 3



# Transcript of Thomas J. Fitton

**Date:** June 6, 2019
**Case:** Klayman -v- Fitton

**Planet Depos**
**Phone:** 888.433.3767
**Email::** transcripts@planetdepos.com
www.planetdepos.com

WORLDWIDE COURT REPORTING | INTERPRETATION | TRIAL SERVICES

Transcript of Thomas J. Fitton
Conducted on June 6, 2019

1 (1 to 4)

---

**Page 1**

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF FLORIDA

LARRY KLAYMAN,              *
      Plaintiff,            *
   vs.                      *  Civil Action
THOMAS FITTON,              *  No. 1:19-cv-20544
      Defendant.            *


         Videotaped Deposition of THOMAS J. FITTON
                     Washington, D.C.
                   Thursday, June 6, 2019
                        3:06 p.m.




Job No.: 247643
Pages 1 - 92
Reported by:  Vicki L. Forman
```

**Page 2**

```
         Videotaped Deposition of THOMAS J. FITTON,
held at the offices of:

    Planet Depos
    Suite 950
    1100 Connecticut Avenue, Northwest
    Washington, D.C.  20036
    (888) 433-3767



         Pursuant to agreement, before Vicki L.
Forman, Court Reporter and Notary Public in and
for the District of Columbia.
```

**Page 3**

```
              A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFF PRO SE:
    LARRY KLAYMAN, ESQUIRE
    Klayman Law Group, P.A.
    Suite 345
    2020 Pennsylvania Avenue, Northwest
    Washington, D.C.  20006
    (310) 595-8088




ON BEHALF OF THE DEFENDANT:
    RICHARD W. DRISCOLL, ESQUIRE
    Driscoll & Seltzer
    Suite 610
    300 North Washington Street
    Alexandria, Virginia  22314
    (703) 822-5001
```

**Page 4**

```
ON BEHALF OF THE DEFENDANT:
    KATIE M. MERWIN, ESQUIRE
    Cole, Scott & Kissane, P.A.
    Suite 120
    222 Lakeview Avenue
    West Palm Beach, Florida  33401
    (561) 383-9206
    (Present via Telephone.)




ALSO PRESENT:  Joannis Arsenis, Videographer
```

**41**

1   MR. KLAYMAN: Certify it.
2   Q So as President of Judicial Watch you
3   would have known for sure that this Complaint had
4   been filed, correct?
5   MR. DRISCOLL: Objection to form.
6   **A Well, the press release indicates it was**
7   **filed and I recall we sued about the raid, yes.**
8   Q And you gave interviews about suing in the
9   raid, correct, in the media?
10  **A I don't remember.**
11  Q Turn to the last page, page five.
12  The Complaint is signed by James F
13  Peterson, correct?
14  **A His name is on the last page of the**
15  **Complaint as a signatory.**
16  Q He is an attorney at Judicial Watch,
17  correct?
18  **A Yes.**
19  Q Now, Mr. Peterson had contact with Roger
20  Stone over the issue of the raid on his house, did
21  he not?
22  **A Not that I'm aware of.**
23  MR. DRISCOLL: Objection to form.
24  Q You're saying you don't know one way or
25  the other?

**42**

1   **A I don't believe he has. I said I would**
2   **know if he had.**
3   Q How would you know if you couldn't even
4   identify the Complaint?
5   **A Another abusive harassing question.**
6   MR. DRISCOLL: It's a foundation question.
7   You can go ahead and answer it.
8   How would you know if he had contacted
9   Roger Stone?
10  MR. KLAYMAN: Or if Roger Stone contacted
11  him.
12  **A Is it privileged?**
13  MR. DRISCOLL: That's an interesting
14  question. The fact of the communication would not
15  be. The contents of it would be.
16  **A How I would know is my question of whether**
17  **it's privileged or not.**
18  MR. DRISCOLL: No, I'm going to allow you
19  to answer that one.
20  **A How I would know about what my attorneys**
21  **are doing or Judicial Watch's attorneys are doing?**
22  MR. DRISCOLL: Yeah, and you're not
23  disclosing a communication. You're just
24  describing a process.
25  **A Typically that type of communication would**

**43**

1   have been disclosed to me.
2   Q But you don't know for sure that
3   Mr. Peterson didn't have contact with Roger Stone?
4   MR. DRISCOLL: Objection to form.
5   **A I'm confident there was no such contact.**
6   Q You have told Mr. Peterson in the past,
7   have you not, that I was ousted from Judicial
8   Watch because of a sexual harassment complaint?
9   MR. DRISCOLL: Objection to form.
10  Mr. Peterson is an in-house counsel and I'm going
11  to direct the witness not to answer. That's an
12  attorney-client privilege.
13  MR. KLAYMAN: Certify it.
14  Q So you don't know whether or not
15  Mr. Peterson repeating what you had told him then
16  republished that to Roger Stone?
17  MR. DRISCOLL: The communications between
18  an in-house counsel and the President of the
19  corporation relating to legal advice and
20  assistance are privileged. He can't answer the
21  question about the contents of the communication
22  or derivative questions that would disclose the
23  content of the communication.
24  MR. KLAYMAN: That's the crux of the
25  lawsuit. That does not apply in this context.

**44**

1   MR. DRISCOLL: That doesn't waive the
2   privilege.
3   Q Are you saying that you never told anyone
4   at Judicial Watch that I was ousted because of a
5   sexual harassment complaint?
6   MR. DRISCOLL: Anyone other than the
7   attorneys?
8   MR. KLAYMAN: Anyone.
9   MR. DRISCOLL: No, I can't allow him to
10  answer that question.
11  Q Are you saying that you never told anyone
12  that I was -- regardless -- let's take attorneys
13  out of it.
14  Have you ever -- you have told other
15  people in addition to -- strike that.
16  You have told other people excluding
17  attorneys that I was ousted from Judicial Watch
18  because of a sexual harassment complaint?
19  **A You have to ask the question again.**
20  MR. KLAYMAN: Read it back, please.
21  **A Please.**
22  MR. KLAYMAN: Let me rephrase it.
23  Q ==I'm taking attorneys out of this question.==
24  ==I'm saying you have told others who aren't==
25  ==attorneys over the course of the last 16 years==

---

**Page 45**

1  since I left Judicial Watch that I was ousted  
2  because of a sexual harassment complaint?  
3     A  No, because that's not true.  You weren't  
4  ousted as a result of a sexual harassment  
5  complaint.  
6     Q  After I sued you in this particular case  
7  has anyone -- have you or anyone at Judicial Watch  
8  or your counsel tried to contact Roger Stone?  
9        MR. DRISCOLL:  Objection to form.  The  
10  question invades the attorney-client privilege and  
11  the attorney work product.  I direct the witness  
12  not to answer.  
13       MR. KLAYMAN:  Certify it.  
14       Madam court reporter, have a page in the  
15  front where you have all the certified questions  
16  and where you can find them to make it easy for  
17  the Magistrate Judge.  Thank you.  
18    Q  Now, I turn your attention back to your  
19  affidavit which is --  
20    A  Exhibit 3.  
21    Q  Exhibit 3.  Turn your attention to  
22  paragraph seven where it says "I have no  
23  recollection of ever having any communication with  
24  Roger Stone," do you see that?  
25    A  Uh-huh.  

**Page 46**

1     Q  Now, it doesn't say you didn't have a  
2  communication with Roger Stone.  It just says that  
3  you have no recollection of having one, correct?  
4     A  That's correct.  
5     Q  Do you remember during the Clinton years  
6  that witnesses would always come in and say we  
7  have no specific recollection and we would contest  
8  that?  
9        MR. DRISCOLL:  Just ask your question,  
10  Larry.  
11    Q  So you can't say categorically that you  
12  haven't had communications with Roger Stone?  
13  You're just saying you don't have a recollection  
14  of ever having it, correct?  
15    A  I think the statement speaks for itself.  
16    Q  You could have said I have never  
17  communicated with Roger Stone, correct, if that's  
18  what you were trying to say, that you never had  
19  any contact?  
20    A  The statement speaks for itself.  
21    Q  Then you state in the next sentence "I  
22  have never published, uttered or implied to Roger  
23  Stone that Klayman was the subject of a sexual  
24  harassment complaint during his employment by  
25  Judicial Watch or that his resignation from  

**Page 47**

1  Judicial Watch was motivated by an employee's  
2  sexual harassment complaint," do you see that?  
3     A  Yeah.  
4     Q  Again, that statement does not say that  
5  you never spoke with Roger Stone, just that you've  
6  never published that particular issue, correct?  
7     A  It says what it says.  
8     Q  And then it states "Any statement by Roger  
9  Stone regarding Klayman was made without my  
10  knowledge or information and therefore I did not  
11  intend and could not intend to harm Klayman or his  
12  reputation," do you see that?  
13    A  Yes.  
14    Q  Now, you're not saying in that statement  
15  that you didn't communicate with Roger Stone.  
16  You're saying that you didn't know that he was  
17  going to republish anything about me, correct?  
18       MR. DRISCOLL:  Objection to form.  The  
19  document speaks for itself.  
20    A  The document speaks for itself.  
21    Q  If you don't want to explain it that's  
22  fine.  
23    A  You're mischaracterizing it.  
24    Q  I do agree.  It speaks for itself and  
25  there's a lot of loopholes in it.  

**Page 48**

1        MR. DRISCOLL:  Why don't you just ask him  
2  the question.  Did he ever --  
3        MR. KLAYMAN:  I will ask the questions  
4  that I want to ask, Mr. --  
5        MR. DRISCOLL:  All right.  
6     Q  I want to turn to paragraph eight.  
7        Do you see the statements in the last  
8  sentence of paragraph eight where it says "To  
9  support his claim Judicial Watch submitted  
10  evidence demonstrating that Klayman was forced to  
11  resign due to inappropriate conduct" and you list  
12  three examples of your alleged inappropriate  
13  conduct, do you see that?  
14    A  Yeah.  
15    Q  Now, you have in the last 16 years told  
16  many people, and I'm excluding any attorneys,  
17  exactly what is written in this affidavit and  
18  which you swore to under oath?  
19       MR. DRISCOLL:  I'm going to object to the  
20  question and direct the witness not to answer that  
21  question to the extent it's related to the other  
22  lawsuit that is currently pending in the U.S.  
23  District Court for the District of Columbia, Case  
24  Number 06-cv-670.  
25       MR. KLAYMAN:  That's not a basis to tell