IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, an individual<br>c/o 7050 W. Palmetto Park Rd. #15-287<br>Boca Raton, FL 33433<br><br>          Plaintiff,<br>v.<br><br>THOMAS J. FITTON, an individual<br>c/o 425 Third Street SW<br>Suite 800<br>Washington, D.C. 20024<br><br>and<br><br>JAMES F. PETERSON, an individual,<br>c/o 425 Third Street SW<br>Suite 800<br>Washington, D.C. 20024<br><br>and<br><br>PAUL ORFANEDES, an individual,<br>c/o 425 Third Street SW<br>Suite 800<br>Washington, D.C. 20024<br><br>and<br><br>CHRIS FARRELL, an individual<br>c/o 425 Third Street SW<br>Suite 800<br>Washington, D.C. 20024<br><br>          Defendants. | Case No.: 1:19-cv-02793<br><br>The Honorable Tanya S. Chutkan |

**PLAINTIFF LARRY KLAYMAN'S REPLY TO CROSS-MOTION FOR SANCTIONS
AND OTHER RELIEF**

1

Defendants' Reply Memorandum in Support of Motion to Declare Plaintiff a Vexatious Litigant [Dkt. # 11] presents a "case study" in why there has been litigation between Larry Klayman and the current principals of Judicial Watch, Inc. – a public interest watchdog which Mr. Klayman conceived of and founded on July 29, 1994 – over the last 16 years. The vicious, personal ad hominem attacks on Mr. Klayman and his character, as well as attempting to drag his family and children through the mud, underscore what he has faced from the likes of Tom Fitton and his pliant sycophants at the organization.

Indeed, these vicious personal ad hominem attacks are all "supported" by the false testimony of the defendants, not the married woman with children whom they also callously and despicably dragged through their mud to try to maintain control of Judicial Watch and harm Mr. Klayman. The bottom line is this: Mr. Klayman left Judicial Watch to run for the U.S. Senate and he did not need to do so to preserve his reputation from the lies of the unethical likes of those he left behind. Telling is the jury verdict and judgment which Mr. Klayman was compelled to procure through a Miami federal court and jury, which found that he has been maliciously defamed, and awarded not just compensatory and actual damages, but also punitive damages. *See* Dkt. # 10, Exhibit 2 – Jury verdict and Judgment entered by the Honorable Cecilia Altonaga of the U.S. District Court for the District of Columbia.

Notwithstanding that Defendants have proved Plaintiff's point – that their continuing effort to harm him and his family never ends – is the hard fact that their non-existent so-called legal argument is unavailing. As Plaintiff showed in his Opposition to Defendants' Motion to Declare Plaintiff a Vexatious Litigant and Cross Motion for Sanctions Pursuant to 28 U.S.C. §

1927 and this Court's Inherent Authority [Dkt. # 10][1], controlling black letter legal authority confirms that Mr. Klayman has a constitutional right to pursue legal remedies in a court of law, rather than resorting to other methods of redress which other less law abiding citizens might have been provoked to pursue over the years given Defendants' offensive, defamatory and other severely damaging unethical and illegal behavior.

Paramount in this lawsuit is the false publication of statements and false testimony in a related lawsuit, for which Plaintiff is also seeking to set aside under Rule 60 of the Federal Rules of Civil Procedure, and which is also on appeal. Not coincidentally, Defendants just lost their latest frivolous pleading and attempt to have this appeal dismissed. *See* Exhibit 1 – Order of the U.S. Court of Appeals of the District of Columbia Circuit dated February 4, 2020.

Moreover, telling is the forced admission under oath made by Judicial Watch president Tom Fitton, a Defendant herein, that Mr. Klayman was not ousted from Judicial Watch because of a sexual harassment complaint. *See* Dkt. # 10, Exhibit 3. Yet, this did not stop Fitton and the rest of the Defendants from spreading this lie to Roger Stone and many others over the last 16 years, to harm Mr. Klayman, his family and the married woman they falsely implicated in their defamatory "jihad" to try to keep Plaintiff from returning to Judicial Watch after his Senate campaign ended in 2004, as well as competing fairly against Mr. Klayman in other endeavors, such as his new organization, Freedom Watch.

Sanctions pursuant to 28 U.S.C. § 1927 and this honorable Court's inherent authority are thus warranted, as the latest non-meritorious attempt to silence Mr. Klayman by denying him his constitutional right to seek redress for harms done to him and his family, is frivolous and in bad faith. It is intended only to run up legal fees and costs, something which Defendants are not

---

[1] Plaintiff corrected the filing error as the caption had previously read 18-cv-2793 instead of 19-cv-2793.

required to incur given the involvement of their insurance defense counsel Richard Driscoll ("Driscoll"), who has profited handsomely from the discord he helped create over the years. Indeed, and as just one example among many, had Driscoll ethically urged his clients to correct the false statement that Mr. Klayman has been convicted of a crime over family law issues involving his former wife, Judicial Watch would never had been sued and a jury verdict and judgment issued and entered for malicious defamation before the Honorable Cecilia Altonaga in the U.S. District Court for the Southern District of Florida. *See* Dkt. # 10, Exhibit 2. Mr. Klayman had contacted Driscoll when the defamation occurred, in order to retract the tortious conduct and mitigate the damage, but Driscoll, to obviously impress his clients with a "tough guy bravado," arrogantly dismissed Plaintiff's attempts to settle this serious matter. Apparently, he has not learned from the past. *See* Exhibit 2 – Correspondence by and between Mr. Klayman and Driscoll concerning the prior defamation in Florida.

This is why Driscoll and his clients, having filed a frivolous pleading herein which they were warned not to file under risk of being sanctioned, must now be sanctioned and Mr. Klayman be awarded his attorneys' fees and costs as a *pro se* litigant. *See* Dkt. # 10, Exhibit 4 – Correspondence with Driscoll warning him not to pursue his frivolous pleading. This motion is not a joke, as Driscoll disrespectfully quips in his offensive, highly personal ad hominem attack-dog opposition. Defendants may approve of this type of advocacy against Mr. Klayman, but this honorable Court should respectfully not allow it without consequence.

For all of these compelling reasons, Plaintiff Larry Klayman's cross-motion for sanctions should respectfully be granted and thus he should be awarded his attorneys' fees and costs.

DATED: February 12, 2020						Respectfully submitted,

								/s/ Larry Klayman
								Larry Klayman, Esq.
								KLAYMAN LAW GROUP, P.A.
								2020 Pennsylvania Ave NW Suite 800
								Washington, DC, 20006
								Email: leklayman@gmail.com
								Tel: 561-558-5336

								*Plaintiff Pro Se*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of February 2020, a copy of the foregoing was filed and served by electronic filing upon counsel listed on the Notice of Electronic Filing.

*/s/ Larry Klayman*
Larry Klayman