**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LARRY KLAYMAN,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS FITTON, *et al.*<br><br>    Defendants. | Case No. 1:19-cv-02793-TSC |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

Defendants Thomas J. Fitton ("Fitton"), James F. Peterson ("Peterson"), Paul J. Orfanedes ("Orfanedes") and Christopher J. Farrell ("Farrell"), by counsel, hereby Supplement their Motion to Declare Plaintiff a Vexatious Litigant by notifying the Court of additional litigation filed by Plaintiff Larry Klayman (Klayman") that further supports his classification as a vexatious litigant.

On February 6, 2020, Klayman filed yet another lawsuit against Fitton alleging tortious interference and defamation. Exhibit A. The new lawsuit, Klayman's 20th, is based on the alleged statement by Roger Stone, and once again, is not supported by any factual allegations. There is no comprehensible relationship between the alleged statement and Fitton or the alleged statement and the claimed harm. In addition, Klayman omits any factual allegations in support of personal jurisdiction or venue. This new case is simply another harassing lawsuit that demonstrates Klayman must obtain prefiling approval before moving forward with any lawsuit against these Defendants.

Dated: February 13, 2020

Respectfully submitted,

/s/
_____
Richard W. Driscoll (436471)
DRISCOLL & SELTZER, PLLC
300 N. Washington St., Suite 610
Alexandria, Virginia 22314
703.822.5001 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc. and Thomas J. Fitton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February 2020, a copy of the foregoing Supplemental Memorandum was served by the Court's ECF system upon all counsel of record listed on the Notice of Electronic Filing.

/s/
_____
Richard W. Driscoll

# EXHIBIT A

Case 1:20-cv-00135-LMB-TCB Document 15 Filed 02/06/20 Page 1 of 9 PageID# 18

Case 1:20-cv-01789-DLC Document 1 Filed 02/28/20 Page 4 of 12

FILED
AH

2020 FEB -6 P 3:59

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

LARRY KLAYMAN,
7050 W. Palmetto Park Road #15-287
Boca Raton, FL, 33433

        Plaintiff

    v.

THOMAS J. FITTON
5245 42nd St NW
Washington, DC 20015

        Defendant.

Case Number: 1:20 cv 135

## COMPLAINT

Plaintiff, LARRY KLAYMAN ("Plaintiff" or "Klayman") hereby files this action against THOMAS J. FITTON ("Defendant Fitton") for Tortious Interference, Defamation, and Defamation Per Se.

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 under diversity of citizenship. The parties are citizens of different states and the amount in controversy exceeds $75,000.

2.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

3.    Plaintiff, Larry Klayman, is an individual and a citizen of Florida. Plaintiff is a well-known private lawyer and conservative public interest advocate and litigator, as well as a syndicated national radio talk show host on Radio America, his weekly show appropriately titled

1

"Special Prosecutor with Larry Klayman." Plaintiff Klayman conceived of and founded both Judicial Watch, Inc. and Freedom Watch, Inc. He is a former federal prosecutor of the Antitrust Division of the U.S. Department of Justice, where he was on the trial team that broke up the AT&T monopoly. In 2003-2004 Plaintiff Klayman ran for the U.S. Senate in Florida.

4. Defendant, Thomas Fitton, is an individual and a citizen of the District of Columbia. Defendant Fitton is the current President of Judicial Watch, which was conceived of and founded by Plaintiff Klayman. He is not a lawyer and at the time that Klayman left Judicial Watch on September 19, 2003 to run for the U.S. Senate in Florida, Defendant Fitton had not graduated from college. When Plaintiff Klayman hired him years earlier as an assistant, he lied to Klayman that he had graduated from George Washington University. Since then Defendant Fitton has had a book written for him by "ghost writer," Ben Shapiro, effectively claiming credit for Plaintiff Klayman's accomplishments in conceiving of, founding and running Judicial Watch for almost ten (10) years. Plaintiff Klayman was thus conspicuously and maliciously written out of the history of Judicial Watch. The book is titled "Corruption Chronicles" and remains on sale on the internet and in book stores. Defendant Fitton has also falsely testified multiple times under oath that he does not know who founded Judicial Watch, as he continues to try to spread the false narrative and impression he or someone other than Klayman founded Judicial Watch, in order to boost his own standing in the conservative community and elsewhere, as the expense of Plaintiff Klayman. In short, and regrettably Defendant Fitton, as set forth below, is a 'serial liar" and dishonest.

## STANDING

5. Plaintiff has standing to bring this action because he has been directly affected and victimized by the unlawful conduct complained herein. His injuries are proximately related to the conduct of Defendant Fitton, individually and working in concert with Roger Stone as set

forth below.

## FACTS

6. Defendant Fitton has, during the time occurring after Plaintiff Klayman left Judicial Watch, Inc. on September 19, 2003, to run for the U.S. Senate in Florida, engaged in a course of conduct which defamed, tortuously interfered with and thus severely damaged Plaintiff Klayman's personal and professional reputation and good will. In the words of convicted felon Roger Stone, Fitton has publicized to third parties that ""He (Klayman) was ousted at Judicial Watch. Ask Tom Fitton [the current president of Judicial Watch] why he left. He left because of a sexual harassment complaint." Defendant Fitton has engaged in a course of conduct which continues to this day to harm Plaintiff Klayman's public interest and private legal advocacy, associations and other activities necessary to further Plaintiff Klayman's practice of law and his advocacy in general, by severely and maliciously damaging his reputation and goodwill.

7. Specifically, Defendant Fitton, on or about February 19, 2019, published with actual and constitutional malice to Bob McEwan and others of the Council for National Policy ("CNP"), of which Plaintiff Klayman had been a member and sought to rejoin the organization and attend events as a guest. CNP is a non-profit corporation which holds quarterly meeting events in this district and throughout the United States and Canada to meet and also facilitates networking in general with conservative leaders who have supported the work of Plaintiff Klayman. Specifically Defendant Fitton published defamatory representations, many of which will also be disclosed in discovery, that Plaintiff Klayman *inter alia* had been ousted from Judicial Watch, Inc., which he conceived of an founded on July 29, 1994, because of a sexual harassment complaint. Recently in a deposition taken in a related lawsuit for defamation, *Klayman v. Fitton*, 1:19-cv-20544 (S.D FL.), Defendant Fitton was forced to admit, under oath,

3

that this was not true, but he has published this over the last seventeen years to many third parties in any event to severely harm Plaintiff Klayman's reputation, good will, business prospects and livelihood and well-being of his family. Specifically, Defendant Fitton testified: "No, because that's not true. You weren't ousted as a result of a sexual harassment complaint." <u>Exhibit 1</u>.

8. In addition to CNP, Defendant Fitton has published this and other false statements to other third parties in the conservative movement, including the American Conservative Union and its Conservative Political Action Conference ("CPAC") to exclude Plaintiff Klayman from participation by severely harming his reputation and good will in the conservative community. Defendant Fitton has also published these false statements to donors who would have supported Klayman and his later conceived of and founding organization Freedom Watch, Inc., such as the Sarah Scaife and Carthage Foundations. During Plaintiff Klayman's tenure as the head of Judicial Watch, Inc., the organization had received close to $2 million U.S. Dollars annually to support its public interest work in investigating and prosecuting government corruption and abuse.

9. The malicious intent to harm Plaintiff Klayman is not only the result of personal animus and hatred of him by Defendant Fitton, but also a calculated scheme to compete unfairly and unscrupulously against him, as Fitton harbors an inferiority complex because he is not a lawyer, yet now heads Judicial Watch, Inc., which in effect is a public interest law firm. In fact, at the time that Plaintiff Klayman left Judicial Watch, Inc. in the fall of 2003 to run for the U.S. Senate in Florida, he had learned that Defendant Fitton had not even graduated from George Washington University, despite his having presented a false and fraudulent resume to Klayman years earlier to fraudulently induce Klayman, as the then Chairman and General Counsel of Judicial Watch, Inc., to hire Fitton as his assistant.

10. As evidence of this course of conduct, and as set forth above the preceding paragraphs, on or about February 19, 2019, Defendant Fitton published with actual and constitutional malice that Klayman had been ousted from Judicial Watch, Inc., because of sexual harassment complaint. This caused CNP to exclude Klayman from an event where his client, Dr. Jerome Corsi, was to receive an award. Plaintiff Klayman had been invited to attend the CNP event and quarterly meeting by Dr. Corsi and his wife - who are members of CNP - which was held at the Ritz Carlton, in Tysons Corner, Virginia. Defendant Fitton's conduct thus severely harmed Klayman's reputation and good with the organization and the conservative community in general. Even more egregious is the fact that CNP is primarily comprised of social and religious conservatives and leaders who have supported Plaintiff Klayman in the past as the head of Judicial Watch, Inc., and now Freedom Watch, Inc., and as a candidate for the U.S. Senate in Florida

## **FIRST CAUSE OF ACTION**
### *Tortious Interference*

11. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

12. Plaintiff Klayman has had a relationship and business expectancy with CNP.

13. Defendant Fitton knew of this relationship or expectancy between Plaintiff and CNP.

14. Defendant Fitton intentionally interfered, causing the breach and interference with and thus termination of the relationship or expectancy.

15. Defendant Fitton and Plaintiff have a competitive relationship as chairmen of conservative public interest groups.

16. As a result of this interference, Plaintiff Klayman has suffered damages stemming

from not being allowed to be a member of and even attending as an invited guest at CNP events, such as the event held, as set forth above, at the Ritz Carlton in Tysons Corner, Virginia.

## SECOND CAUSE OF ACTION
*Defamation*

17. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

18. Defendant Fitton published the malicious, false and defamatory statement that Plaintiff Klayman was ousted at Judicial Watch due to a sexual harassment complaint to CNP and CPAC.

19. This false and misleading statement was published with malice, as Defendant Fitton knew that it was false and misleading, or at a minimum acted with a reckless disregard for the truth.

20. Plaintiff Klayman has been severely harmed and damaged by this and other false and misleading statements, more of which will be uncovered in discovery, because it subjected him to hatred, distrust, ridicule, contempt, and disgrace.

21. Plaintiff Klayman has been severely damaged by this false and misleading statement because this malicious statement and others to be uncovered in discovery injured Plaintiff Klayman in his profession and business as a public interest and private lawyer and nationally syndicated radio talk show host who promotes ethics in government and the legal profession, as well as personally. This damage was severe and is continuing as to Plaintiff Klayman's reputation and good will as set forth above.

## THIRD CAUSE OF ACTION
*Defamation Per Se*

22. Plaintiff re-alleges and incorporates by reference the allegations in the preceding

6

paragraphs of the Complaint.

23. Defendant Fitton published the malicious false, misleading and defamatory statement that Plaintiff Klayman was ousted at Judicial Watch due to a sexual harassment complaint.

24. This false and misleading statement was published with malice, as Defendant Fitton knew that it was false and misleading, or at a minimum acted with a reckless disregard for the truth.

25. This malicious false, misleading and defamatory statement was published in person and on the internet in this district, domestically and internationally for CNP and the conservative community in particular to see and hear and specifically Defendant Fitton published these malicious false and misleading "facts," *inter alia*, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of his lawful business, trade, profession or office and that he is an immoral person.

26. This malicious false and misleading statement is *per se* defamatory because it falsely accuses Plaintiff Klayman of being ousted from Judicial Watch because of sexual harassment - thereby falsely imputing a criminal and sexually related offense upon Plaintiff Klayman – as well as being "ousted" as the chairman and general counsel of Judicial Watch because of an actual sexual harassment complaint, as well as the other false and misleading published statements alleged herein.

27. This false, misleading, and defamatory statement concerning Plaintiff Klayman is defamatory *per se* and this false and misleading statement, and others which will be uncovered in discovery, severely harmed and damaged Plaintiff Klayman in his profession and business as a lawyer and advocate and as a nationally syndicated radio talk show host, as they concern conduct

and characteristics incompatible with being a lawyer and radio talk show host who promotes ethics in government and the legal profession. This damage is severe and continuing to Plaintiff Klayman's reputation and good will. Damage is presumed by law when defamation *per se* is shown.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Larry Klayman prays for judgment against Defendant Fitton as follows:

a. Awarding Plaintiff Klayman compensatory including actual, consequential, incidental and punitive damages for malicious tortious conduct as alleged herein in an amount to be determined at trial and in excess of $35, 000,000 U.S. Dollars.

b. Awarding Plaintiff Klayman attorney's fees and costs.

c. Granting any such further relief as the Court deems appropriate including preliminary and permanent injunctive relief

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

Dated: February 5, 2020

Respectfully Submitted,

Larry Klayman
7050 W Palmetto Park Road
Suite 15-287
Boca Raton, Florida 33433
Telephone: (561) 558-5536
Email: leklayman@gmail.com
Plaintiff *Pro Se*

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria DIVISION

Larry Klayman

Plaintiff(s),

v.

Civil Action Number: 1:20cv185

Thomas Fitton

Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** the Complaint .
**(Title of Document)**

Larry Klayman
Name of *Pro Se* Party (Print or Type)

[signature]
Signature of *Pro Se* Party

Executed on: February 5, 2020 (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
**(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)