UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LARRY KLAYMAN**, <br><br> Plaintiff, <br><br> v. <br><br> **THOMAS FITTON**, *et al.* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:19-cv-02793 (TSC) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

Plaintiff Larry Klayman, proceeding *pro* se, has sued—for the umpteenth time—Thomas J. Fitton, James F. Peterson, Paul Orfanedes, and Christopher Farrell. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). For reasons stated below, the court will GRANT Defendants' motion to dismiss without prejudice.

### I. BACKGROUND

Plaintiff is the "founder and former Chairman, General Counsel and Treasurer of Judicial Watch." *Klayman v. Judicial Watch, Inc.*, 247 F.R.D. 10, 11 (D.D.C. 2007). Since leaving Judicial Watch in 2003, he has frequently sued Judicial Watch and/or Defendants, each of whom works at Judicial Watch.[1] He has not prevailed in any of those cases.

---

[1] *See*, *e.g.*, *Klayman v. Judicial Watch, Inc.*, No. 19-cv-2604 (D.D.C.); *Klayman v. Fitton*, No. 19-cv-20544 (S.D. Fla.); *Klayman v. Judicial Watch, Inc.*, No. 17-cv-34 (D.D.C.); *Klayman v. Judicial Watch, Inc.*, No. 2017-CA-4252 B (D.C. Super. Ct.); *Klayman v. Judicial Watch, Inc.*, No. 2015-CA-0232 (D.C. Super. Ct.); *Klayman v. Judicial Watch, Inc., et al.*, No. 13-cv-20610 (S.D. Fla.); *Klayman v. Judicial Watch, Inc. and Thomas J. Fitton*, No. 07-cv-22413 (S.D. Fla.); *Klayman v. Judicial Watch, Inc., et al.*, No. 07-37924 (Miami-Dade Co. Cir. Ct.); *Klayman v. Judicial Watch, Inc., et al.*, No. 06-cv-670 (D.D.C.).

On January 18, 2019, Roger Stone, who is not a party to this case, gave an interview during which he stated:

> Well, your judgment on Larry Klayman is entirely incorrect.  He's never actually won a courtroom victory in his life.  *He was ousted at Judicial Watch.  Ask Tom Fitton why he left.  He left because of a sexual harassment complaint.*  He's an incompetent.  He's a numbskull.  He's an idiot.  He's an egomaniac.  And he could be the single worst lawyer in America.  With him as Jerry Corsi's lawyer, Corsi may get the electric chair.  So, your idea that he's a good guy is entirely wrong.  By the way Larry sue me.  Love to go toe to toe with you.  Love to.  Love to bring those witnesses to talk about your personal conduct, you piece of garbage.

ECF No. 1, Compl. ¶ 19 (citing Stone Cold Truth, *Roger Stone Explains His Beef With Jerome Corsi and Larry Klayman*, YouTube (January 18, 2019), https://youtu.be/cJyfgdvtFx8?t=80) (emphasis added).  Plaintiff's current lawsuit focuses on Stone's three emphasized sentences in that interview: that Plaintiff "was ousted at Judicial Watch.  Ask Tom Fitton why he left.  He left because of a sexual harassment complaint." *Id.* ¶ 20.  Plaintiff denies that he left Judicial Watch because of a sexual harassment complaint, and he claims that Stone's statement was false and defamatory.  *Id*. ¶ 21.  Despite Stone's challenge to Plaintiff to sue him, Plaintiff instead seized on Stone's invocation of Fitton to launch yet another salvo against Defendants.  This one fares no better than the rest.

According to Plaintiff, Stone's suggestion that listeners "[a]sk Tom Fitton" about the circumstances of Plaintiff's departure shows that Stone made the statement "at the direction and as a result of the concerted actions of the Defendants," and that Defendants were "working with" Stone to advance a "concerted campaign" to defame and harass him. *Id.* ¶¶ 11, 21, 24.  To support this theory, Plaintiff alleges that Defendants and Stone "had to" have been in communication leading up to the January 18 interview because Defendants and Stone were working together on a FOIA complaint requesting information about an FBI raid of Stone's house.  *Id.* ¶ 12.  It was at this time, Plaintiff says, Defendants "published and republished" a

2

statement that Plaintiff left Judicial Watch because of a sexual harassment complaint, and that Stone "in turn, and in concert with Defendants published and republished" that statement during the January 18 interview, thereby injuring Plaintiff "in his profession and business." *Id.* ¶¶ 27, 30. Plaintiff also claims that Defendants published "other false and misleading statements to others" that injured Plaintiff. *Id.* ¶ 24. Based on these alleged facts, Plaintiff claims that Defendants are liable for defamation, defamation per se, and defamation by implication. *Id.* ¶¶ 26-46.

Defendants move to dismiss Plaintiff's lawsuit for failure to state a valid claim for relief, contending that Plaintiff does not allege any facts connecting Stone's statement to any Defendant and that Plaintiff's claims rely solely on conclusions and speculation.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint should state "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. of Civ. Proc. 8(a)(2). The complaint must contain enough facts to state a claim that is plausible on its face and provide defendants with notice of the claims against them and the grounds upon which they are resting their claims. *Bell Atlantic Co. v. Twombly*, 550 US 544, 555-56, (2007). A claim is plausible on its face when it alleges enough facts that, if assumed to be true, would allow the court to draw "reasonable inference[s] that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 US 662, 663 (2009). Although the complaint need not contain detailed factual allegations, it must be more than "labels and conclusions and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 US at 555. "Factual allegations must be enough to raise a right to relief above the speculative level" and move

plaintiff's claims "across the line from conceivable to plausible." *Id.* at 555, 570. Facts that are "merely consistent" with a defendant's liability do not meet the plausibility standard. *Iqbal*, 556 U.S. at 678 (citation omitted). Any inferences upon which the complaint relies must have some factual foundation within the complaint. *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004).

To grant a motion to dismiss, then, a court must find a complaint devoid of any factual allegation that will prove the claim and entitle the plaintiff to relief. *Id.* The court will consider only relevant facts, not conclusory statements disguised as factual allegations. *Id.* Relevant facts are those that are found in the complaint, attached to the complaint, in the pleadings, or facts of which the court may take judicial notice. *Smith v. Clinton*, 253 F. Supp. 3d 222, 234 (D.D.C. 2017). The court presumes the truth of a plaintiff's factual allegations, *see Iqbal*, 556 U.S. at 679, and construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted).

### III.   ANALYSIS

#### A. Defendants' Motion to Dismiss

Under District of Columbia law, a plaintiff claiming defamation must show: "(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law . . . or that its publication caused the plaintiff special harm." *Jankovic v. Int'l Crisis Group*, 494 F.3d 1080, 1088 (D.C. Cir. 2007) (citations omitted).[2]  "A

---

[2] The parties do not dispute that District of Columbia law applies in this case. *See generally* Compl. (citing District of Columbia law); Mot. to Dismiss (same).

statement can be either facially defamatory or 'defamatory by implication,' that is, a statement from which a reasonable person could draw a defamatory inference." *Raymen v. United Senior Ass'n*, 409 F. Supp. 2d 15, 21 (D.D.C. 2006) (citations omitted).  But to recover under a theory of defamation, defamation per se, or defamation by implication, the plaintiff must first show that the defendant—not some third party—made the alleged statement.

Plaintiff stumbles out of the starting gate by failing to show that Defendants made a false and defamatory statement.  During his January 18, 2019 interview, Stone did not attribute his statement about Plaintiff to Fitton or any other Defendant.  For example, Stone did not say that any Defendant told him that Plaintiff left Judicial Watch because of a sexual harassment complaint, nor did he say that any Defendant "directed" him to relay the message.  Instead, Stone merely suggested that Fitton could corroborate his allegations about the circumstances surrounding Plaintiff's departure from Judicial Watch.  Plaintiff is entitled to all reasonable inferences in his favor, but his theory that Defendants and Stone were working "in concert" to defame him is derived solely from the words "[a]sk Tom Fitton" and is not a reasonable inference.  *See Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 169-70 (D.D.C. 2013) (holding that without alleging specific facts detailing how the defendant caused third party media outlets to defame the plaintiff, defamation claim was conclusory and not entitled to an assumption of truth).  *Cf. Mattiaccio v. DHA Grp., Inc.*, 20 F. Supp. 3d 220, 231 (D.D.C. 2014) (holding that a vague allegation that two defendants "coordinated" to defame plaintiff did not support a reasonable inference that there was an agreement or even a "meeting of the minds" between the parties to defame the plaintiff).

Plaintiff attempts to bolster the inference that Defendants directed Stone to make his January 18 statement by alleging that Defendants and Stone "had to be in communication"

5

leading up to the January 18 interview because Defendants and Stone worked together on a FOIA complaint after the FBI raided Stone's residence. Compl. ¶¶ 9, 12. Again, although Plaintiff is entitled to all reasonable inferences, asserting that something "had to" have happened, without specific facts, does not meet Rule 12(b)(6)'s pleading standard. Moreover, the court need not accept as true the complaint's factual allegations when, as is the case here, they contradict matters subject to judicial notice. *Kaempe*, 367 F.3d at 963.

The court takes judicial notice of the public dockets in two federal cases which plainly contradict Plaintiff's version of when and why Defendants and Stone were in communication. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (court may look to the record of another proceeding when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted). The filing dates in those cases show that the FBI's raid of Stone's residence, and thus any subsequent FOIA request about the raid, occurred after the January 18, 2019 interview. *See USA v. Stone*, Case No. 1:19-cr-00018-ABJ (D.D.C.) (showing that Stone was indicted and arrested on January 24 and 25, 2019, respectively); *Judicial Watch, Inc. v. U.S. Dep't of Justice*, Case No. 1:19-cv-00795 (D.D.C.) (showing that Defendant Peterson filed the subsequent FOIA complaint on March 21, 2019). In other words, Plaintiff's factual allegation about the timing of the FBI raid on Stone's house and the subsequent FOIA complaint contradicts matters subject to judicial notice. Therefore, this allegation does not support an inference that Defendants and Stone "had to be in communication" leading up to the January 18 interview, let alone an inference that Defendants made a defamatory statement to Stone and directed him to "republish" that statement.

In addition, Plaintiff's allegation that Defendants made "other false and misleading statements," Compl. ¶¶ 24, 29, 46, is insufficient to state a valid claim for relief. Plaintiff does not say what these "other" statements are, when they were made, or to whom. These allegations are precisely the kind of "mere conclusions" that are not "entitled to the assumption of truth" under *Iqbal*, 556 U.S. at 664.

Ultimately, because Plaintiff has failed to provide enough factual support to move his claims "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, the court will grant Defendants' motion to dismiss.

B. **Plaintiff's Request for Leave to Amend His Complaint**

Plaintiff has not filed a motion to amend his Complaint. In his opposition to Defendants' motion to dismiss, Plaintiff states only that in the "unlikely event" that the court dismisses his Complaint, he "requests leave to amend." ECF No. 7, Pl.'s Opp'n to Mot. to Dismiss. at 10. Plaintiff does not elaborate on what changes he seeks to make, tender a proposed amendment, or explain the basis for his request. *See id.* "While Federal Rule 15(a) provides that leave to amend shall be freely given when justice so requires, a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *U.S. ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1259 (D.C. Cir. 2004) (citation omitted). Given Plaintiff's failure to file a motion to amend or indicate how he would remedy the pleading deficiencies in the current Complaint, the court will deny Plaintiff's vague request for "leave to amend."

## IV. CONCLUSION

For the reasons explained above, the court will GRANT Defendants' motion to dismiss without prejudice.

Date: September 30, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge